```
UNITED STATES DISTRICT COURT                NOT FOR PRINT OR
EASTERN DISTRICT OF NEW YORK                ELECTRONIC PUBLICATION
------------------------------------------------x
RAMANAND PERSAUD,

                        Petitioner,            MEMORANDUM & ORDER
        -against-
                                               08-CV-5291 (CBA)
THE UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------x
```
AMON, United States District Judge.

Petitioner Ramanand Persaud, who is currently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey, brings a *pro se* petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651(a), and a motion for immediate release pursuant to 18 U.S.C. § 3143(b)(1)(A) and (B)(i). For the reasons discussed below, the petition is hereby dismissed and the motion is denied.

## BACKGROUND

Petitioner was convicted by a jury in this Court on March 19, 2002. United States v. Persaud, No. 01 CR 1342-02 (CBA) (E.D.N.Y.). The Court entered judgment and sentence on November 25, 2002. Petitioner appealed to the United States Court of Appeals for the Second Circuit, which affirmed the conviction and sentence on March 15, 2004. United States v. Persaud, 87 Fed. Appx. 214 (2d Cir. 2004). Thereafter, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("§ 2255"), which was denied by this Court on December 28, 2005. Persaud v. United States, No. 04 CV 2862 (CBA) (E.D.N.Y. Dec. 28, 2005).

Since then, Petitioner has filed multiple additional motions seeking to challenge the same conviction and sentence. Persaud v. United States, No. 06 CV 6670 (CBA) (E.D.N.Y. Dec. 26,

1

2006) (denying "Petitioner Motion for Reduction of Sentence Pursuant to Rule 60(b)(1)"); Persaud v. United States, No. 07 CV 4706 (CBA)(E.D.N.Y. Dec. 18, 2007) (denying "Petitioner Motion Pursuant to Rule 60(b)(6)"); Persaud v. Samuels, Civil Action No. 07-3177 (RMB), 2007 WL 2318395 (D.N.J. Aug. 8, 2007) (dismissing petition for lack of jurisdiction); Persaud v. Grondolsky, Civil Action No. 08-3243 (JBS), 2008 WL 2945986 (D.N.J. July 30, 2008) (same). On August 14, 2008, he filed a previous petition seeking a writ of *audita querela* and challenging his conviction on the grounds of insufficiency of the evidence. That petition was dismissed on November 24, 2008. Persaud v. United States, No. 08 CV 4315 (CBA), 2008 WL 5049421 (E.D.N.Y. Nov. 24, 2008).

Petitioner now brings a second petition for a writ of *audita querela*, in which he reiterates his belief that the evidence was insufficient to support the indictment and sustain the convictions in his criminal case. He further seeks immediate release on bail, pursuant to 18 U.S.C. § 3143(b)(1)(A) and (B)(i).

## DISCUSSION

A.  The petition for *audita querela* relief

The writ of *audita querela*, like the writ of error *coram nobis*, is a common-law writ that has largely been replaced in the federal criminal context by the statutorily constructed writ of *habeas corpus* available in 28 U.S.C. § 2255. It has limited continuing validity. "Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Holder, 936 F.2d 1 (1st Cir. 1991)). Thus, the writ may only be used to

2

address a legal objection that arose after the conviction was entered.  See Durrani v. United States, 294 F. Supp. 2d 204, 217 (D. Conn. 2003) (such a writ may be used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition") (quoting United States v. Reyes, 945 F.2d 862, 863 n.1 (5th Cir. 1991)).

*Audita querela* is not available where another post-conviction remedy is available, but may only be used to fill gaps in the current statutory framework established in § 2255 and § 2244. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie."); Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997)("It is possible that these remedies might be deemed available if their existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244 . . . ."). The common law writs may not be used, however, to circumvent the procedural requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See, e.g., Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007)("We have previously held, however, that the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."); Triestman, 124 F.3d at 376-77 (holding that § 2255 would not be considered an "inadequate or ineffective" post-conviction remedy merely because it was procedurally unavailable; a prisoner must also show that "the failure to allow for collateral review would raise serious constitutional questions"); D'Amico v. United States, No. 94 Civ. 3825 (PKL), 2000 WL 686371, at *3-4 (S.D.N.Y. May 26, 2000) (petitioner not entitled to relief under the All Writs Act where his claim would be barred by the successive petition rule applicable to § 2255); Collins v. United States, No. 99 CV 6717, 2000

3

WL 516892, at *6 (E.D.N.Y. March 8, 2000) (untimeliness of petition under § 2255 not sufficient by itself to invoke *audita querela*).

As in petitioner's prior petition for *audita querela*, the instant petition offers no grounds for granting the relief he seeks. Petitioner does not identify any new legal issue that arose after the judgment was entered. Instead, he challenges the sufficiency of the evidence, a potential claim that is based on the trial record and could have been raised on direct appeal or through a petition pursuant to 28 U.S.C. § 2255. Petitioner previously filed a petition pursuant to § 2255, in which he did not raise this claim. Under AEDPA's gatekeeping requirements, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. If petitioner believes that he can meet this standard, he must make an application to the Court of Appeals for the Second Circuit for permission to proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3)(A).

B.  The motion for immediate relief

Petitioner also filed a motion for immediate release on bail pursuant to 18 U.S.C. § 3143(b)(1)(A) and (B)(i). These provisions only apply to certain defendants who are seeking release on bail while an appeal or petition for a writ of certiorari is pending, where the defendant has raised "a substantial question of law or fact likely to result in reversal." 18 U.S.C. § 3143(b)(1)(B)(i). In this case, petitioner has already exhausted all of his appeals and has failed to

raise a question of law or fact likely to result in a reduction of his sentence. Accordingly, the bail provisions of 18 U.S.C. § 3143(b)(1)(A) and (B)(i) do not apply, and the motion for release on bail is denied.

## CONCLUSION

For the foregoing reasons, the petition for a writ of *audita querela* is dismissed and the motion for bail is denied. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                          s/Hon. Carol B. Amon
                                          CAROL BAGLEY AMON
                                          United States District Judge

Dated: Brooklyn, New York
        January 16, 2009